UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY,<br><br>Plaintiff-in-Interpleader,<br><br>v.<br><br>ESTATE OF RICHARD A. YEAKLEY, *et al.*,<br><br>Defendants. | Case No. C06-0352RSL<br><br>ORDER GRANTING THE ESTATE'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on "Defendant Estate of Richard A. Yeakley's Motion for Summary Judgment." This matter involves a dispute regarding the proper beneficiaries of the proceeds from a group life insurance policy issued by plaintiff Aetna Life Insurance Policy. The Estate of Richard A. Yeakley and its executor, defendant Ralph Yeakley, Jr., argue that the beneficiary designation on the insurance policy is ambiguous and does not clearly identify the intended beneficiaries, such that the proceeds must be paid according to the plan's default rules. Many of the other named defendants argue that the designation of "the Yeakleys" at "RR 5 Box 243T Orono, ME 04473" is not ambiguous because it adequately describes defendants Ralph Yeakley, Sr., Charlotte Yeakley, and their twenty-three natural, adopted, or sponsored children. In the alternative, if the Court were to find the designation ambiguous, the non-moving defendants request an opportunity to present extrinsic evidence regarding

1 Richard Yeakley's intent.

2    Having reviewed the memoranda, declarations, and exhibits submitted by
3 the parties, the Court finds as follows:

4    (1) Richard Yeakley's beneficiary designation is ambiguous.  Given Richard's
5 interesting history, one could assume that he intended to further the adoption and
6 sponsorship efforts of Ralph and Charlotte Yeakley by providing funds for their use at
7 the then-family home in Orono, Maine.  Even if the Court were at liberty to make such
8 an assumption, the cryptic designation on the beneficiary form is silent regarding how
9 that purpose was to be accomplished.  Did Richard intend that 100% of the proceeds
10 would go to one or both of the parents, with the expectation that money received by
11 them would be used to benefit any children then living with them?  Or would Richard
12 have wanted the proceeds divided between and among the individuals living in the
13 family home at the time of his death?

14    It is also possible that the desire to promote Ralph and Charlotte's
15 philanthropic efforts was not the motivating factor behind the bequest.  Richard may, in
16 fact, have intended to benefit all of his immediate family members, including Ralph,
17 Charlotte, and all twenty-three natural, adopted, or sponsored children.  This is the
18 interpretation favored by most of the named defendants.  But as the non-moving
19 defendants recognize, the designation of "the Yeakleys" as beneficiaries is qualified by
20 the family address in Orono, Maine. Response at 5.  A proposed interpretation that
21 includes family members who did not live at the Maine address when the designation
22 was made or even at the time of Richard's death seems overbroad.  In fact, the non-
23 moving defendants' interpretation would presumably sweep in family members who
24 never lived at the Orono address because they had reached the age of majority and left
25 the family home before Ralph and Charlotte moved to Maine in 1988.

26    "[O]nly by excluding all alternative readings as unreasonable may [the

ORDER GRANTING THE ESTATE'S
MOTION FOR SUMMARY JUDGMENT        -2-

Court] find that a plan's language is plain and unambiguous." McDaniel v. Chevron Corp., 203 F.3d 1099, 1110 (9th Cir. 2000). The words Richard Yeakley used to designate his beneficiaries under the plan are subject to too many reasonable interpretations, especially when considered "in the light of the context that gave rise to [their] inclusion." McDaniel, 203 F.3d at 1110. His intent simply cannot be ascertained from the designation form, making it ambiguous.

(2) The non-moving defendants urge the Court to deny the Estate's motion for summary judgment and give the parties an opportunity to present extrinsic evidence regarding Richard Yeakley's intent. In most circumstances, a plan administrator or reviewing court faced with an ambiguity in plan documents will examine extrinsic evidence to determine the intent of the parties. See, e.g., Richardson v. Pension Plan of Bethlehem Steel Corp., 112 F.3d 982, 985 (9th Cir. 1997). Ambiguities in a beneficiary designation form have been handled differently, however. The Ninth Circuit has limited its analysis to determining (1) whether the insured made an ambiguous designation of a beneficiary and (2) if so, whether the plan documents provide a default beneficiary. Metropolitan Life Ins. Co. v. Parker, 436 F.3d 1109, 1114 (9th Cir. 2006). In Parker, the contract interpretation analysis took into consideration basic facts regarding the relationships between the various parties (*i.e.*, the context in which the contract was created), but remained focused on the words and references used by the insured when designating his beneficiary. Parker, 436 F.3d at 1114-16. Once an ambiguity was found, the Ninth Circuit turned to the default beneficiary rules of the plan without recourse to extrinsic evidence. Parker, 436 F.3d at 1116.

As discussed above, Richard Yeakley's beneficiary designation is ambiguous. The default order for distribution of benefits provided in the plan rules

1  therefore applies in this case.[1]  There is no dispute regarding the applicable plan terms or
2  the fact that Richard Yeakley did not have a surviving spouse or any surviving children.
3  The Estate of Richard A. Yeakley is therefore the default beneficiary and the proceeds of
4  the group life insurance policy shall be distributed to the defendant Estate.

6              For all of the foregoing reasons, the Estate's motion for summary judgment
7  is GRANTED.  The Estate shall, within five days from the date of this Order, contact
8  Charlotte Svendsen at 206-370-8416 with the Estate's Tax Identification number and
9  complete mailing address.  Upon receipt of the required information, the Clerk of Court
10 is authorized and directed to draw a check on the funds on deposit in the registry of this
11 Court in the principal amount of $184,000 plus all accrued interest, minus any statutory
12 users fees, payable to the Estate of Richard A. Yeakley.

14              DATED this 7th day of August, 2006.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[1] In the alternative, the Court finds that the non-moving defendants had the burden and opportunity to produce evidence giving rise to a triable issue of fact regarding Richard's intent in response to the Estate's motion for summary judgment.  They did not do so.  Other than the basic facts surrounding Richard's relationship to the Yeakleys, the non-moving defendants failed to produce any evidence regarding Richard's intent at the time he designated his beneficiaries.  They are not, therefore, entitled to a hearing or trial based on the mere possibility that such evidence may be forthcoming in the future.

ORDER GRANTING THE ESTATE'S
MOTION FOR SUMMARY JUDGMENT       -4-