UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AETNA LIFE INSURANCE COMPANY,<br><br>Plaintiff-in-Interpleader,<br><br>v.<br><br>ESTATE OF RICHARD A. YEAKLEY, *et al.*,<br><br>Defendants. | Case No. C06-0352RSL<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS |

This matter comes before the Court on "Plaintiff-in-Interpleader's Motion for Attorney's Fees and Costs." Dkt. # 27. Plaintiff seeks an award of fees and costs in the amount of $28,569.50. Although the Estate of Richard A. Yeakley does not oppose plaintiff's motion, the Court finds that the amount sought by plaintiff is not reasonable given the purpose of an interpleader action and the activities conducted in this case.

Interpleader is a valuable procedural device allowing insurers such as plaintiff to petition the courts for an order establishing ownership of the plan proceeds, thereby avoiding the risk of multiple lawsuits and unnecessary dissipation of the assets. Compensable costs should be limited, however, to those costs incurred in preparing the complaint, obtaining service, and preparing an order discharging the plaintiff-in-interpleader from the action. Trustees of Directors Guild of America-Producer Pension Benefits Plans. v. Tise, 234 F.3d 415, 426-27 (9th Cir. 2000). A significant portion of

1   the fees sought by plaintiff were incurred in a failed attempt to affect service on
2   defendants for which the beneficiaries should not be held responsible.  Another thousand
3   dollars was spent conferring with the Estate regarding strategy and settlement of this
4   litigation and reviewing the pleadings of the adverse parties, tasks which were not
5   necessarily in keeping with plaintiff's role as a disinterested party.  Finally, there are a
6   number of duplicative entries related to the drafting and revision of the complaint (which
7   should have been a fairly easy and cost-effective task given the similar document filed in
8   <u>Investment Plan Committee of the Investment Plan for Employees of Puget Sound</u>
9   <u>Energy, Inc. v. Estate of Richard A. Yeakley</u>, C05-1479RSL) and the Rule 26
10  conference and report.

11          Having reviewed plaintiff's billing records and the relevant case law, and
12  having taken into consideration the Estate's apparent willingness to reimburse plaintiff
13  for its expenses, the Court finds that an award of $14,000 is appropriate.  The Clerk of
14  Court is authorized and directed to draw a check on the funds on deposit in the registry
15  of this Court in the principal amount of $14,000 payable to Lane Powell PC.  The Clerk
16  of Court is authorized and directed to draw a check on the remaining funds on deposit in
17  the registry of this Court in the principal amount of $170,000 plus all accrued interest,
18  minus any statutory users fees, payable to the Estate of Richard A. Yeakley.

20          DATED this 5th day of September, 2006.

                                         /s/ Robert S. Lasnik
                                         Robert S. Lasnik
                                         United States District Judge

ORDER GRANTING IN PART MOTION
FOR ATTORNEY'S FEES AND COSTS        -2-